Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: | CASE: 24-21689 |
| Corbin William Archer<br>Lisa Ann Collet Archer | CHAPTER 13 |
| **Debtors** | Hon. JOEL T. MARKER |
| | Confirmation Hearing: 6/18/24  10:00 am |

**TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE**

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

　　1. The Debtors filed a Chapter 13 petition for relief on April 12, 2024 and the First Meeting of Creditors under section 341 was held on May 17, 2024.

　　2. The Trustee has filed a Motion to Dismiss in this case. Pursuant to Local Rule 2083-1(g), you must file an objection to this with the bankruptcy court within 21 days after service of the motion, or the bankruptcy court clerk must enter an order dismissing the case.  Unless otherwise directed by the court, this motion will be heard at the confirmation hearing.

3. The Debtors failed to provide the Trustee with Profit and Loss statements for all self-employment income earned during the sixty (60) days prior to the petition date (see Local Rule 2083-1(e)(1)(C)).

4. The Debtors failed to provide the Trustee with a business questionnaire for a business operated during the sixty (60) days prior to the petition date (see Local Rule 2083-1(e)(1)(D)). The Debtors must provide copies of all documents requested in the business questionnaire, including but not limited to: bank statements for all accounts month prior, month of and month after petition, business license, insurance policies held by the business, business taxes (either form 1120 or Schedule C of the individual return), asset and liability sheet (including date of purchase and purchase price) and balance sheet.

5. The Debtors failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2023 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

6. The Debtors failed to produce at the 341 Meeting statements from their financial accounts with Key Bank, Venmo, Acorn, and PayPal for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(B)).

7. The Trustee hereby makes a motion to dismiss under LR 2083-1(g) for failure to turnover the following documents: profit and loss statement for 60 days prior to filing, business questionnaire (and related documents), copy of tax return, and bank statements.  The Trustee will seek dismissal at the confirmation hearing set for June 18, 2024 unless the missing documents are provided no later than 14 days prior to the confirmation hearing is scheduled or an objection to dismissal is filed.

8. The payment advices required by § 521(a)(1)(B)(iv) show _more_ income than is reported on Schedule I for Lisa Ann Collet Archer.

9. The Chapter 13 plan does not comply with the best-interest-of-creditors test of § 1325(a)(4) in that it proposes to pay unsecured creditors less than they would receive under Chapter 7. The Trustee is unable to determine return without receipt of all documents requested in this objection.

10. The Debtors have not filed an itemized, separate budget disclosing the income and expenses related to the operation of a business, as required by Fed. R. Bankr. P. 1007(b)(1).

11. Based on information received from the Internal Revenue Service and/or Debtors' Declaration Regarding Tax Returns, Debtors have not complied with §1325(a)(9) as the Debtors have not filed all tax returns as required under §1308. Tax years not filed: 2019, 2020, 2021, 2022, and 2023.

12. Trustee requests Debtors provide copies of all State and Federal tax returns filed post-petition, including 2019, 2020, 2021, 2022, and 2023.

13. The Debtors failed to answer business questions nos. 27 and 28 on the Statement of Financial Affairs, as required by 1007(b)(1).

14. The Debtors must amend the Statement of Financial Affairs, Interrogatory No. 4, to list income from employment or from operating a business during this year or the two previous calendar years.

15. The Debtors must amend the Statement of Financial Affairs, Interrogatory No. 5, to list income from any other source during this year or the two previous calendar years.

16. The Debtors failed to file a *Declaration of Filed Tax Returns* as required by Local Rule 6070-1(c)(3).

17. Schedule A/B fails to fully disclose and value the following property of the estate: second account with Key Bank, all business interests.

18. Trustee requests an update at confirmation regarding employment status for Corbin William Archer.

19. Debtors fail to provide an address for Gerg Dudey on Schedules.

20. Trustee requests Debtors provide all documents relating to the transfer of home and real property located at 3861 E Evelyn Drive, SLC, UT to Greg Dudey, including any appraisal used.

21. The Debtors should amend the Statement of Financial Affairs, Interrogatory No. 18, to include all transfers of property within two years immediately preceding the commencement of this case. All information should be provided including address for transferee, value and description of property, and any property or payments received or debts paid in exchange.

22. Trustee requests a formal accounting of all proceeds of loan with Greg Dudey.

23. Trustee requests all documents relating to the transfer or assignment of interest in the the real property to RSVP Holdings.

24. Debtors failed to include amounts of debt owed on Schedule E/F.

25. The Debtors list on Schedule J expenses on Line Nos. 4c, 6c, 7, 8, 12, and 15c. The Debtors should either substantiate these expenses with admissible, documentary evidence, or remove them from Schedule J.

26. The Debtors are not complying with the disposable-income test of § 1325(b)(1)-(2) because the plan proposes to retain and pay for luxury collateral that is not reasonably necessary for the Debtors' maintenance and support. Debtors should establish why it is reasonably necessary for their maintenance and support to retain and pay for 2018 Dodge Durango with monthly payment of $650 that exceeds the IRS Standards for one vehicle.

27. The Trustee projects that the Debtors' direct payment to satisfy an auto loan may end within 36-months. The Debtors should provide the Trustee with evidence as to the loan balance as of the petition date, and propose to increase the plan payment by the same amount as the loan repayment once such claims have been paid in full. See In re Kofford, Slip Copy, 2012 WL 6042861 (Bankr. D. Utah Dec. 4, 2012) (Thurman).

28. Trustee requests copy of Court Docket sheet for the RSVP Holdings lawsuit.

29. Part 3.1 of the Plan fails to include the current installment payment as listed on Schedule J.

30. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: Chrysler Capital.

31. It appears that the Debtors' Current Monthly Income (as that term is defined by § 101(10A)) is greater than what is disclosed on Form 122C-1. The Trustee requests the Debtors provide the book end pay advices or evidence of income used to calculate the Form 122C-1.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtors are unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: May 21, 2024                              MaryAnn Bride
                                                           Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on May 21, 2024:

Corbin William Archer and Lisa Ann Collet Archer, 3861 E Evelyn Drive,Salt Lake City, UT 84124

Lisa Ann Collet Archer, 3861 E Evelyn Drive, Salt Lake City, UT  84124

STEVEN M. ROGERS, ECF Notification

                                                  /s/ Michelle Moses