Janci M. Lawes (SBN 10102)
jlawes@aldridgepite.com
Jesse A.P. Baker (SBN 13418)
jbaker@aldridgepite.com
**ALDRIDGE PITE, LLP**
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

**ALDRIDGE PITE, LLP**
374 East 720 South
Orem, UT 84058

Attorneys for NATIONSTAR MORTGAGE LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF UTAH

| In re | Bankruptcy Case No. 24-21689 |
|---|---|
| CORBIN WILLIAM ARCHER and LISA ANN COLLET ARCHER AKA LISA ANN COLLET, | Chapter 13 |
| Debtor(s). | OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND PROOF OF SERVICE THEREON |
| SSN:  xxx-xx-5069<br>         xxx-xx-9812 | CONFIRMATION HEARING:<br>DATE:     June 18, 2024<br>CTRM:     Video Conference |

Nationstar Mortgage LLC[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtors, Corbin William Archer and Lisa Ann Collet Archer (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. The basis of the objection is stated below:

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

-1-

## STATEMENT OF FACTS

1) On or about October 17, 2012, Debtors, for valuable consideration, made, executed and delivered to Lender a Promissory Note in the principal sum of $417,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

2) On or about October 17, 2012, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 3861 E Evelyn Drive, Salt Lake City, UT 84124 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on October 17, 2012, in the official records of the Salt Lake County Recorder's office. A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3) Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Creditor. A copy of the Corporation Assignment of Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by reference.

4) On or about April 12, 2024, Debtors filed a Chapter 13 bankruptcy petition. Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $500.00 per month for Thirty Six (36) months. Of the sum paid to the Chapter 13 Trustee, Creditor will be paid Pro Rata on its pre-petition arrears, which are listed in the amount of $16,000.00.

5) The pre-petition arrearage on Creditor's secured claim is in the sum of $90,384.69, as will be evidenced by the Proof of Claim once filed.

6) Debtors will have to increase the payment through the Chapter 13 Plan by approximately $2,510.69 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty six (36) months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtors.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

The plan does not meet the full value requirement under 11 U.S.C. §1325(a)(5)(B)(ii), which states that "…the value, as of the effective date of the plan, of property to be distributed under the plan on account such claim is not less than the allowed amount of such claim…". The pre-petition arrears specified in the Chapter 13 Plan are $16,000. However, the actual pre-petition arrears equal $90,384.69, based on Creditor's anticipated Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

As 11 U.S.C. §1322(d) provides, "…the court may not approve a [plan] period that is longer than 5 years", Debtors will have to increase the payment through the Chapter 13 Plan by approximately $2,510.69 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months, or by approximately $1,506.41 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months. Since the plan as currently proposed will exceed sixty (60) months and is therefore not feasible, the plan cannot be Confirmed as it is currently proposed.

WHEREFORE, Creditor respectfully requests:

1) That confirmation of the Debtors' Chapter 13 Plan be denied;

2) Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding sixty (60) months; and

3) For such other and further relief as this Court deems just and proper.

DATED: 05/30/2024        ALDRIDGE PITE, LLP

/s/ Janci M. Lawes
Attorneys for NATIONSTAR MORTGAGE LLC

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 31, 2024 I caused a copy of the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN to be served by depositing the same in the United States mail, postage pre-paid, to the following, as addressed:

Corbin William Archer
Lisa Ann Collet Archer
3861 E Evelyn Drive
Salt Lake City, UT 84124

Steven M. Rogers
Rogers & Russell
170 S. Main St.
Pleasant Grove, UT 84062
srogers@roruss.com

Lon Jenkins
Ch. 13 Trustee's Office
465 South 400 East
Suite 200
Salt Lake City, UT 84111
ecfmail@ch13ut.org

U.S. Trustee
United States Trustee
Washington Federal Bank Bldg.
405 South Main Street  Suite 300
Salt Lake City, UT 84111
 USTPRegion19.SK.ECF@usdoj.gov

    I declare under penalty of perjury that the foregoing is true and correct and executed on May 31, 2024.

                                            /s/ Ana Vetter