Mark C. Rose, #13855
Brian J. Porter, #14291
**McKay, Burton & Thurman, P.C.**
Parkview Plaza I
2180 South 1300 East, Suite 400
Salt Lake City, Utah 84106
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: mrose@mbt-law.com
E-mail: bporter@mbt-law.com
*Attorneys for Creditor Glass Mechanix Solutions, Inc.*

**THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>CORBIN WILLIAM ARCHER and<br>LISA ANN COLLET ARCHER<br><br>Debtors. | Bankruptcy Case 24-21689<br>(Chapter 13)<br><br>Judge Joel T. Marker |

**OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN AND JOINDER IN THE CHAPTER 13 TRUSTEE'S OBJECTIONS TO CONFIRMATION**

Pursuant to 11 U.S.C. § 1324 and 1325, Rule 3015 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of Practice, Creditor Glass Mechanix Solutions, Inc. ("GMS"), by and through its counsel, respectfully submits this objection to Debtors Corbin William Archer and Lisa Ann Collet Archer's (collectively, "Debtors") *Chapter 13 Plan* [ECF No. 10] (the "Plan") and its joinder in the Chapter 13 Trustee's *Objection to Confirmation and Recommendation of Dismissal Under 1307(c)* [ECF No. 13] (the "Trustee's Objection") and *Continuing Objection to Confirmation* [ECF No. 15] (the "Trustee's Continuing Objection"). For the reasons set forth herein, GMS requests that confirmation of the Plan be denied.

I. **The Plan does not satisfy the best interest of creditors test under 11 U.S.C. § 1325(a)(4).**

The Plan is not in the best interest of creditors. 11 U.S.C. § 1325(a)(4) provides that the Court shall only confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]" This provision is often referred to as a liquidation analysis or the best interest of creditors test. *In re Hughes*, BKR 08-24736, 2009 WL 2252181, at *3 (Bankr. D. Utah July 17, 2009).

The best interest of creditors test requires two separate calculations.

> First, the court must consider the value, as of the effective date of the proposed Chapter 13 plan, of the property to be distributed to each unsecured creditor in Chapter 13, taking into account the Chapter 13 administrative expenses. Next, the court must consider the amount that would be paid on each allowed unsecured claim if the debtor's estate were liquidated in a hypothetical Chapter 7 case, taking into account the Chapter 7 administrative expenses.

*Id*. (citing *In re Dewey*, 223 B.R. 559 (10th Cir. BAP 1998).

In this case, the Plan proposes to pay unsecured creditors only $3,763.50. In a Chapter 7 liquidation case, however, unsecured creditors would be paid substantially more than this amount. GMS maintains that Debtors have either undervalued or not disclosed all of their assets on schedule AB and have not disclosed transfers that could be avoided and recovered by a trustee.

For example, GMS maintains that Debtors' interest in their primary residence is higher than what is listed on schedule AB, and various items of personal property are missing, including a vehicle, watches, jewelry, firearms, and cash. Thus, confirmation of the Plan should be denied.

**II.     Joinder in the Chapter 13 Trustee's Objections.**

GMS also joins in the objections and arguments made by the Chapter 13 Trustee in the Trustee's Objection and the Trustee's Continuing Objection. To the extent not previously set forth herein, GMS asks that that the Court deny confirmation of the Plan for the reasons noted by the Chapter 13 Trustee in the Trustee's Objection and the Trustee's Continuing Objection.

WHEREFORE, based on the foregoing, GMS requests that confirmation of the Plan be denied.

DATED this 11th day of June, 2024.

**MCKAY, BURTON & THURMAN, P.C.**

/s/ Mark C. Rose
Mark C. Rose
*Attorneys for Creditor Glass Mechanix Solutions, Inc.*

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I certify that on June 11, 2024, I electronically filed the foregoing **OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN AND JOINDER IN THE CHAPTER 13 TRUSTEE'S OBJECTIONS TO CONFIRMATION** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

Lon Jenkins, ecfmail@ch13ut.org, lneebling@ch13ut.org
Mark C. Rose, mrose@mbt-law.com, markcroselegal@gmail.com
Jesse A.P. Baker, ecfutb@aldridgepite.com
Janci M. Lawes, jlawes@aldridgepite.com
Steven M. Rogers, srogers@roruss.com
United States Trustee, USTPRegion19.SK.ECF@usdoj.gov
Aaron M. Waite, aaronmwaite@agutah.gov
**All other parties entitled to notice in this case.**

/s/ Mark C. Rose