BRIAN M. ROTHSCHILD (15316)
ALEX N. VANDIVER (17700)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
brothschild@parsonsbehle.com
avandiver@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Plaintiff Glass America Midwest LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Corbin William Archer<br>Lisa Ann Collet Archer<br><br>Debtors | **OBJECTION OF GLASS AMERICA MIDWEST LLC TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>Case No. 24-bk-21689-JTM<br><br>Judge Joel T. Marker |

Glass America Midwest LLC ("**Glass America**"), litigation counterparty to the above-captioned Debtor Corbin William Archer ("**William Archer**" and, together with Co-Debtor Lisa Ann Collet Archer, the "**Archers**" or the "**Debtors**"), under Rules 3015(f) and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") hereby objects to confirmation of the Debtors' Chapter 13 Plan (the "**Plan**").

## OBJECTION

Glass America was not notified of this Chapter 13 case (or the previous four Chapter 13 cases) and therefore has not had sufficient time to analyze the Plan or filings in this Chapter 13 case. Further, Glass America did not learn of this Chapter 13 case in time to attend the section 341(a) first meeting of creditors and therefore has not had its opportunity to examine the Debtors.

4895-2603-9751

It therefore reserves its right to investigate, amend, and make additional objections to confirmation of the Plan.

Glass America incorporates by reference the Objections to Confirmation filed by the Chapter 13 Trustee, Nationstar Mortgage LLC, and the Utah State Tax Commission as if set forth in their entirety. (*See* ECF Nos. 7, 13, 14, 15, and 16.)

The Court should deny confirmation of the Plan because it is proposed for an improper purpose and not in good faith. Further, it does not comply with the applicable sections of the Bankruptcy Code including sections 1322 and 1325 as set forth in more detail herein.

## RELEVANT FACTS

### A. The Pending Litigation Between the Archers and Glass America

2. Glass America has been litigating against the Archers since February of 2020, two years before the Archers filed their first bankruptcy petition. (*Glass America Midwest LLC vs. Connect Auto Glass LLC, et al.*, Case No. 200901137 (Third District Court, State of Utah) (the "**Pending Litigation**").) Glass America obtained a judgment in the Pending Litigation against the Archers' business entities in the amount of $1,621,926.04. Glass America also obtained a judgment against Corbin Archer in the Pending Litigation personally in the amount of $4,849.36, which consisted of a $1,000 fine, and $3,849.36 in attorneys' fees and costs.

3. However, Glass America's claims against Corbin Archer for breach of duty, fraudulent inducement, and negligent misrepresentation were dismissed. Glass America appealed that dismissal in June of 2022. The appeal is currently pending.

4. Despite the Amended Judgment and the Pending Litigation, the Debtors did not list Glass America in the Schedules as a creditor or include Glass America on the debtor's creditor mailing matrix. (*See* Schedules and SOFA, ECF 8, at Sch. E/F; see Mailing Matrix.) Tellingly, though, the Debtors did list the Pending Litigation on Line 9 of their Statement of Financial Affairs.

4895-2603-9751

(ECF 8, SOFA Line 9.) Thus, they are aware of Glass America's claims and the Pending Litigation but, for the *fifth time* hid the fact of their chapter 13 filing from Glass America.

B. **The Archers' Five Previous Chapter 13 Cases in the Last Two Years**

5. From May 2022 to today, the Archers have filed *five* bankruptcy petitions, four of which have been dismissed. The Archers did not notify Glass America of **any** of these bankruptcy cases, even though the Pending Litigation and the appeal have been ongoing.

6. The Archers' failure to notify Glass America is not the only recurring issue in the Archers' bankruptcy cases. The Archers repeatedly failed to tender the initial plan payment, file required information, or show up to the 341 creditor meetings. They also filed their petitions at suspect intervals and at opportunistic times. These issues are not present in every case, but these problems do arise over the course of the Archers' filings with this Court.

7. The Archers filed their first petition for relief under Chapter 13 on May 15, 2022. (Case No. 22-21783 (the "**First Case**").) The Archers did not give notice to Glass America of the First Case. (*See* Certificate of Service to 341 Meeting Notice, Case No. 22-21783, ECF 8.) After Glass America learned about the First Case from another party in interest, Glass America and the Archers stipulated to relief from stay to allow the appeal to be filed on June 15, 2022. (*See* Stipulated Motion in the First Case, Case No. 22-21783, ECF 19.)

8. The First Case suffered from multiple deficiencies. Besides failing to provide Glass America notice, the Archers also did not tender the initial plan payment required by § 1326(a)(1). (Trustee's Motion to Dismiss, Case No. 22-21783, ECF 23.) And the Archers did not file all of the documents required by section 521(a)(1) of the Bankruptcy Code. (*See* Order of Dismissal for Failure to Comply with 11 U.S.C. § 521(a)(1) ("**First Order to Dismiss**"), ECF 25.) The Trustee moved to dismiss the case under § 1326 (a)(1) (Trustee's Motion to Dismiss, Case No. 22-21783,

3

ECF 23), but the case was automatically dismissed on June 30, 2022, before the Court ruled on the Trustee's Motion to Dismiss. (*See* First Order to Dismiss).

9. On August 26, 2022, the Archers filed a second petition for relief under Chapter 13. (Case No. 22-23333 (the "**Second Case**").) As with the First Case, the Archers failed to provide Glass America with notice of the Second Case. (*See* Certificate of Service to 341 Meeting Notice, Case No. 22-23333, ECF 11.) Unlike the First Case, Glass America never discovered that that the Second Case was filed.

10. The Archers were even less responsible in the Second Case. As in the First Case, the Archers failed to tender an initial plan payment. (Trustee's Motion to Dismiss, Case No. 22-23333, ECF 14.) They also failed to file the required section 521 information again and did not even appear at the section 341 first meeting of creditors. (*Id.*) The Trustee again moved to dismiss on these grounds, but the case was dismissed automatically on September 28, 2022 for Co-Debtor Lisa Archer's failure to complete credit counseling and against Debtor Corbin Archer on October 10, 2022, for failure to file disclosures. (*See* Orders to Dismiss, ECF 15, 18.)

11. The Archers filed their third petition for relief under Chapter 13 on November 16, 2022. (Case No. 22-24511 (the "**Third Case**").) The Archers filed their Third Case <u>twenty-two minutes</u> before creditor RSVP Holdings was set to sell the Archers' property. (*See* Motion of RSVP Holdings, LLC for Order Confirming No Bankruptcy Stay Pursuant to 11 U.S.C. § 362(D)(4)(A) (the "**RSVP Motion**"), ECF 7, at 3.) And again, the Archers did not provide Glass America with notice of the Third Case. (*See* Certificate of Service to 341 Meeting Notice, Case 22-24511, ECF 12.)

12. In the Third Case, two parties filed motions seeking relief from the automatic stay. The same day the petition was filed, Glass Mechanix Solutions, Inc. ("**Glass Mechanix**") entered

4

4895-2603-9751

an Ex Parte Motion to request the court issue an order clarifying that no automatic stay was in effect.  (*See* Ex Parte Motion for Entry of an Order Pursuant to 11 U.S.C. § 362(c)(4)(A)(ii), ECF 3.)  The following day, when Glass Mechanix's motion was granted, RSVP Holdings LLC filed a separate motion requesting relief from stay.  (RSVP Motion, ECF 7.)  Both movants cited 11 U.S.C. § 362(c)(4)(A)(i) as justification for their position, which denies debtors benefit of the automatic stay if "2 or more single or joint cases of the debtor were pending within the previous year but were dismissed." (*See* RSVP Motion, at 4.)

13. The Trustee also filed two motions: a motion to dismiss and a motion to dismiss with prejudice.  (*See* Third Case Docket).  The Trustee moved to dismiss the case because the Archers, once again, failed to tender the initial plan payment and again failed to appear at the section 341 first meeting of creditors.  (*See* Trustee's Motion to Dismiss, Case No. 22-24511, ECF 17.)  The trustee's motion to dismiss with prejudice was based on sections 109(g) and 105(a) of the Bankruptcy Code.  (Trustee's Motion to Dismiss with Prejudice, Case No. 22-24511, ECF 15.)  The Trustee cited the Archers' serial filings, failure to file required documents, failing to attend the section 341(a) first meetings of creditors, and failure to tender the initial plan payments as having "established a pattern of delaying and hindering creditors." (*Id.*)  Perhaps motivated to avoid a bar to refiling, the Archers then moved to voluntarily dismiss the case on January 5, 2023. (Debtors' Motion to Dismiss, ECF 21.)  The Court granted the Archers' motion to dismiss eight days later and officially closed the case on March 6, 2023.  (Order Dismissing Case, ECF 24.)

14. The Archers filed another petition for relief under Chapter 13 on December 22, 2023, (Case No. 23-25897 (the "**Fourth Case**").)  Once again, the Archers failed to notify Glass America even though the parties were embroiled in the Pending Litigation.  (Certificate of Service

4895-2603-9751

to 341 Meeting Notice, Case 23-25897, ECF 6.) Once again, the Archers failed to tender an initial plan payment and failed to attend the section 341 first meeting of creditors. (*See* Trustee's Motions to Dismiss, Case No. 23-25897, ECF 7 and 9.) In the Fourth Case, the Archers failed to file a Chapter 13 Plan, a completed Official Bankruptcy Form 122C-1 and/or Form 122C-2, a Statement of Financial Affairs and/or Bankruptcy Schedules A – J, or a timely Creditor Matrix. (*Id.*) The Trustee first moved to dismiss the Fourth Case because of the Archers' failure to file the required documents and failed to tender their initial plan payment or appear at the 341 meeting. (*Id.*) The Court dismissed the Fourth Case on February 2, 2024. (Order of Dismissal, ECF 10.)

15. On April 12, 2024, the Archers filed this, their *fifth* petition for relief under Chapter 13 (this "**Chapter 13 Case**"). The Archers are not any more in compliance in their Fifth Case. Once again, the Archers left Glass America in the dark and provided no notice to Glass America of these proceedings even though the Statement of Financial Affairs identifies the pending litigation. (Chapter 13 Case No. 24-21689.) Glass America learned of this Chapter 13 Case from another creditor, but not in time to attend the section 341 first meeting of creditors. Once again, the Archers failed to tender the initial plan payment at the section 341 first meeting of creditors. On May 20, 2024, the Trustee filed another motion to dismiss under section 1307(c) of the Bankruptcy Code and objection to confirmation of the Plan. (ECF 13.)

16. Neither Glass America nor the Utah State appellate court had any idea that the Archers had commenced this (or any of the prior) Chapter 13 bankruptcy cases until Glass America was notified by another party.

17. Among other problems, the Trustee notes in his Objection that the Archers have underreported their income, failed to properly declare the value of their assets on scheduled A/ZB, failed to file required disclosures, failed to comply with the Trustee's request for financial

6

statements including profit-and-loss statements, income statements, bank statements, Venmo and other financial institution statements, tax returns, and left questions on their Statement of Financial Affairs unanswered. (*Id.*)

18. The Plan does not consider, classify, or treat Glass America's claim, including the claim under the Amended Judgment, nor does it deal with the Pending Litigation. The Debtors did not propose the Plan in good faith and the entire Chapter 13 case, like the four cases before it, has been filed for an improper purpose: to frustrate and delay the proceedings against the Debtors.

## **ARGUMENT**

Glass America incorporates by reference the arguments made by the Chapter 13 Trustee in his Objection and Recommendation of Dismissal, ECF 13.

The Plan fails to commit all of the Debtors' disposable income to payments under the Plan in violation of sections 1322(a)(1) and 1325(b)(1) of the Bankruptcy Code. As the Trustee correctly points out, the Debtors' paystubs indicate that they are earning more than they disclose in their Schedule I and more than they commit to paying under the Plan.

The Plan does not satisfy the best interests of the creditors test under section 1325(a)(4) in that the Debtors' assets, the full value of which they have not disclosed, would yield more than their proposed plan payments.

The biggest issue, however, is that the Debtors lack good faith, which is cause to deny confirmation and dismiss or convert the case. "A debtor's conduct may demonstrate a lack of good faith . . . ." *In re Arenas*, 535 B.R. 845, 847 (10th Cir. BAP 2015). Prepetition bad acts, repeat filings, and misuse of a petition in a manner inconsistent with the rehabilitative purposes of the Bankruptcy Code are all actions indicative of bad faith. *In re Krueger*, 812 F.3d 365, 370, 374 (5th Cir. 2016) (noting that the debtor in that case "filed bankruptcy for illegitimate purposes, misled the court and other parties, and engaged in bare-knuckle litigation practices, including lying

4895-2603-9751

under oath and threatening witnesses"); *In re Piazza*, 719 F.3d 1253, 1271-72 (11th Cir. 2013) (bad faith may be found where there is evidence of a "debtor's deliberate acts or omissions that constitute a misuse or abuse of the provisions, purpose or spirit of the Bankruptcy Code").

This, the Archers' Fifth Case in less than two years, was filed in bad faith. A good-faith plan cannot spring from such soil. And this Fifth Case suffers from most of the same defects as the prior four as noted in the Trustee's Objection and Recommendation of Dismissal, ECF 13.. As before, the Archers have failed to tender their initial plan payment. And their filings have omitted creditors and failed to provide notice to interested parties. At least one of these petitions, the Third Case, was filed to frustrate legitimate attempts to frustrate legal process to collect on the Archers' debts. These failings, taken collectively, show that the Archers are not merely unsophisticated or hapless, but rather, that they have discovered that they can manipulate the bankruptcy system to frustrate their creditors, increase the costs of collection for all parties, and muddy the waters of ongoing litigations. The persistence and brazen nature of their acts demonstrates that they are abusing the Bankruptcy Code in bad faith for their own gain.

Section 1326(a)(1) of the Bankruptcy Code provides that a "debtor shall commence making payments not later than 30 days after the date of the filing of the plan." In all five of the Archers' Chapter 13 cases, they have failed to make their initial plan payment. They have also repeatedly missed the required section 341 first meeting of creditors. And they have consistently failed to file all the information required by the Bankruptcy Code. They deliberately fail to notify litigation counterparties and creditors, like Glass America, creating a legal "no-man's land" that frustrates and causes uncertainty in the ongoing litigations and their Chapter 13 cases. The Archers have repeated filed and obtained the benefits of bankruptcy protection but have consistently failed to comply with the burdens of fair disclosure, notice, attendance at section 341 first meetings of

8

creditors, and plan payments, which are indicia of their intent to potentially repay some of their indebtedness. The Archers are playing games with the Bankruptcy Code, the Court, and their creditors, picking and choosing which creditors deserve to have a say, which get to have notice, and which get to be treated in their Chapter 13 plan.

This Court has patiently explained the recurrent problems with the Archers' filings time and time again. And yet they continue to disregard the Court's instructions. At some point, the consistent failures have ceased to be mere mistakes and have become deliberate indifference to the orders of the Court and requirements of federal law.

These actions were undertaken to frustrate creditors and adverse parties, which is "a misuse or abuse of the provisions, purpose or spirit of the Bankruptcy Code." *Piazza*, 719 F.3d at 1271-72. They were taken in bad faith. *Id.*

## CONCLUSION

For the reasons stated above, the Court should deny confirmation of the Debtors' Chapter 13 Plan.

DATED this 11th day of June, 2024.

PARSONS BEHLE & LATIMER

*/s/ Brian M. Rothschild*
Brian M. Rothschild
Alex N. Vandiver

*Attorneys for Plaintiff Glass America Midwest LLC*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2024, a true and correct copy of the foregoing, **OBJECTION OF GLASS AMERICA MIDWEST LLC TO CONFIRMATION OF CHAPTER 13 PLAN,** was filed via the court's CM/ECF filing system, which sent notice to the following:

    Jesse A.P. Baker    ecfutb@aldridgepite.com, jbaker@aldridgepite.com
    Lon Jenkins tr    ecfmail@ch13ut.org, lneebling@ch13ut.org
    Janci M. Lawes    jlawes@aldridgepite.com, janci@jltlawut.com;jlawes4@gmail.com;ecfutb@aldridgepite.com;r47629@notify.bestcase.com
    Steven M. Rogers    srogers@roruss.com, nrussell@roruss.com;rorusslaw@gmail.com;paralegal@roruss.com;r47264@notify.bestcase.com;bwhiting@roruss.com
    United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
    Aaron M. Waite    aaronmwaite@agutah.gov

                                */s/ Brian M. Rothschild*

4895-2603-9751