BRIAN M. ROTHSCHILD (15316)
ALEX N. VANDIVER (17700)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
brothschild@parsonsbehle.com
avandiver@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Glass America Midwest LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| In re:<br><br>Corbin William Archer<br>Lisa Ann Collet Archer<br><br>Debtors | **MOTION TO DISMISS AND REQUEST TO BAR REFILING FOR 180 DAYS**<br><br>Case No. 24-bk-21689-JTM<br><br>Judge Joel T. Marker |
|---|---|

Creditor Glass America Midwest LLC ("**Glass America**") of Debtor Corbin William Archer ("**William Archer**" and, together with Co-Debtor Lisa Ann Collet Archer, the "**Archers**" or the "**Debtors**"), hereby moves for dismissal, with prejudice, and a 180-day bar against refiling for the Debtors' repeated abuse and manipulation of the bankruptcy system for improper purposes.

This Court dismissed four previous bankruptcy petitions filed by Corbin and Lisa Archer. The pending case is the Archers' fifth bankruptcy petition, which it also should dismiss, but this time with a bar against refiling for 180 days to prevent the Debtors' continued abuse of the bankruptcy system.

4879-2472-9031

The Archers have been, and are, abusing bankruptcy protection. In all five bankruptcy petitions the Archers have filed, they have failed to provide Glass America with proper notice. They have also repeatedly invoked bankruptcy protection for their own benefit, only to deliberately fail to prosecute the cases and fail to comply with basic disclosure requirements. And, by filing and refiling these petitions, failing to notify Glass America, and playing games with the automatic stay, the Archers have disrupted the litigation against them for the improper purpose of harming Glass America and others and frustrating their ability to exercise their legitimate legal remedies.

Therefore, Glass America respectfully moves the Court to dismiss this Chapter 13 bankruptcy case and impose a 180-day bar against refiling. This motion is brought under sections 105(a) and 707 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1017, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 9013-1 of the Local Rules of Practice of the United States Bankruptcy Court for the District of Utah.

## RELEVANT FACTS

1. Glass America has been litigating against the Archers since February of 2020, two years before the Archers filed their first bankruptcy petition. Glass America obtained a judgement against the Archers' business entities in the amount of $1,621,926.04. Glass America also obtained a judgement against Corbin Archer personally in the amount of $4,849.36, which consisted of a $1,000 fine, and $3,849.36 in attorneys' fees and costs.

2. On the petition date, an appeal between Glass America and William Archer was pending, but, because William Archer failed to notify Glass America or the Utah Court of Appeals, the Utah Court of Appeals ruled on the appeal subsequent to the Petition Date.

3. From May 2022 to today, the Archers have filed **five** bankruptcy petitions, four of which have been dismissed followed by this case.

2

4879-2472-9031

4. The Archers did not notify Glass America of **any** of these bankruptcy cases, even as litigation and appeals have been ongoing.

5. This is not because the Archers were unaware of the requirement to inform Glass America of these petitions. Indeed, Glass America discovered that the Archers had commenced a Chapter 13 bankruptcy petition in June of 2022. The parties then filed a stipulated motion seeking relief from stay so that Glass America could file an appeal from the Third District Court of Utah. (Stipulated Motion for Temporary Relief from the Automatic Stay for Sole Purpose of Filing Notice of Appeal (the "**Stipulated Motion**").) Thus, the Archers were aware that their bankruptcy cases would affect Glass America's case against them.

6. The Archers' failure to notify Glass America is not the only recurring issue in the Archers' bankruptcy cases. The Archers repeatedly failed to tender the initial plan payment, file required information, or show up to the 341 creditor meetings. They also filed their petitions at suspect intervals and at opportunistic times. These issues are not present in every case, but these problems do arise over the course of the Archers' filings with this Court.

7. The Archers filed their first petition for relief under Chapter 13 on May 15, 2022. (Case No. 22-21783 (the "**First Case**").) The Archers did not give notice to Glass America of the First Case. (*See* Notice of Chapter 13 Bankruptcy Case – Case 22-21783.) After Glass America learned about the First Case from another party in interest, Glass America and the Archers stipulated to relief from stay to allow the appeal to be filed on June 15, 2022. (*See* Stipulated Motion.)

8. The First Case suffered from multiple deficiencies. Besides failing to provide Glass America notice, the Archers also did not tender the initial plan payment required by § 1326(a)(1). (Trustee's Motion to Dismiss – 22-21783 ("**First Trustee Motion to Dismiss**").) And the Archers

3

4879-2472-9031

did not file all of the documents required by section 521(a)(1) of the Bankruptcy Code. (*See* Order of Dismissal for Failure to Comply with 11 U.S.C. § 521(a)(1) ("**First Order to Dismiss**").) The Trustee moved to dismiss the case under § 1326 (a)(1) (*See* First Trustee Motion to Dismiss), but the case was automatically dismissed on June 30, 2022, before the Court ruled on the First Trustee Motion to Dismiss. (*See* First Order to Dismiss). The First Case was closed on September 26, 2022. (First Case Docket.)

9. On August 26, 2022, the Archers filed a second petition for relief under Chapter 13. (Case No. 22-23333 petition for relief under Chapter 13.) As with the First Case, the Archers failed to provide Glass America with notice of the Second Case. (Notice of Chapter 13 Bankruptcy Case – Case 22-23333.) Unlike the First Case, Glass America never discovered that the Second Case was filed.

10. The Archers were even less responsible in the Second Case. As in the First Case, the Archers failed to tender an initial plan payment. (Trustee's Motion to Dismiss – 22-23333 ("**Second Trustee Motion to Dismiss**").) They also failed to file the required section 521 information again. *See* Order of Dismissal for Failure to Comply with 11 U.S.C. § 521(a)(1) ("**Second Order to Dismiss**").) But in the Second Case, the Archers did not even appear at the section 341 first meeting of creditors. (*See* Second Trustee Motion to Dismiss.) The Trustee again moved to dismiss on these grounds, but the case was again automatically dismissed on October 10, 2022. (*See* Second Order to Dismiss.)

11. The Archers filed their third petition for relief under Chapter 13 on November 16, 2022. (Case No. 22-24511 (the "**Third Case**").) The Archers filed their Third Case <u>twenty-two minutes</u> before a creditor was set to sell the Archers' property. (*See* Motion of RSVP Holdings, LLC for Order Confirming No Bankruptcy Stay Pursuant to 11 U.S.C. § 362(D)(4)(A) (the "**RSVP**

4

4879-2472-9031

**Motion**"), at 3.) And again, the Archers did not provide Glass America with notice of the Third Case. (*See* Notice of Chapter 13 Bankruptcy Case – Case 22-24511.)

12. In the Third Case, two parties filed motions seeking relief from the automatic stay. (*See* Third Case Docket). The same day the petition was filed, Glass Mechanix Solutions, Inc. ("**Glass Mechanix**") entered an Ex Parte Motion to request the court issue an order clarifying that no automatic stay was in effect. (*See* Ex Parte Motion for Entry of an Order Pursuant to 11 U.S.C. § 362(c)(4)(A)(ii).) The following day, when Glass Mechanix's motion was granted, RSVP Holdings LLC filed a separate motion requesting relief from stay. Both movants cited 11 U.S.C. § 362(c)(4)(A)(i) as justification for their position, which denies debtors benefit of the automatic stay if "2 or more single or joint cases of the debtor were pending within the previous year but were dismissed." (*See* RSVP Motion, at 4.)

13. The Trustee also filed two motions: a motion to dismiss and a motion to dismiss with prejudice. (*See* Third Case Docket). The Trustee moved to dismiss the case because the Archers, once again, failed to tender the initial plan payment and again failed to appear at the section 341 first meeting of creditors. (*See* Trustee's Motion to Dismiss – 22-24511 ("**Third Trustee Motion to Dismiss**").) Meanwhile, the Trustee's motion to dismiss with prejudice was based on sections 109(g) and 105(a) of the Bankruptcy Code. (Trustee's Motion to Dismiss with Prejudice – 22-24511 ("**Trustee Motion to Dismiss with Prejudice**").) In the motion, the Trustee argued that the Archers' serial filings, failure to file required documents, failure to attend the section 341(a) first meetings of creditors, and failure to tender the initial plan payments "established a pattern of delaying and hindering creditors." *Id.* Perhaps motivated to avoid a bar to refiling, the Archers then moved to voluntarily dismiss the case on January 5, 2023. (Order

5

Dismissing Case.)  The Court granted the Archers' motion to dismiss eight days later and officially closed the case on March 6, 2023.  (*Id.*)

14. The Archers filed another petition for relief under Chapter 13 on December 22, 2023, (Case No. 23-25897 (the "**Fourth Case**").)  Once again, the Archers failed to notify Glass America even though the parties were embroiled in litigation.  (Notice of Chapter 13 Bankruptcy Case – Case 23-25897.)  Once again, the Archers failed to tender an initial plan payment and failed to attend the section 341 first meeting of creditors.  (*See* Trustee's Motion to Dismiss – 23-25897 ("**Fourth Trustee Motion to Dismiss**").)  Moreover, in the Fourth Case, the Archers failed to file a Chapter 13 Plan, a completed Official Bankruptcy Form 122C-1 and/or Form 122C-2, a Statement of Financial Affairs and/or Bankruptcy Schedules A – J, or a timely Creditor Matrix. (*See* Trustee's Motion to Dismiss – 23-25897 ("**Continued Fourth Trustee Motion to Dismiss**").)  And so, the Trustee once again made two motions to dismiss the case.  The Trustee first moved, on January 8, 2024, to dismiss the case because of the Archers' failure to file the required documents.  (Continued Fourth Trustee Motion to Dismiss.)  The Trustee also moved on January 29, 2024, to dismiss the case because the Archers failed to tender their initial plan payment or appear at the 341 meeting.  (Fourth Trustee Motion to Dismiss.)  The Continued Fourth Trustee Motion to Dismiss was granted on February 2, 2024, and the case was closed on April 3, 2024 (*See* Order of Dismissal.)

15. On April 12, 2024, the Archers filed this, their fifth petition for relief under Chapter 13 (the "**Fifth Case**" or this "**Chapter 13 Case**").  The Archers are not any more in compliance in their Fifth Case.  Once again, the Archers left Glass America in the dark and provided no notice to Glass America of these proceedings even though the Statement of Financial Affairs identifies the pending litigation.  (Chapter 13 Case No. 24-21689.)  Glass America learned of this Chapter

6

13 Case from another creditor, but not in time to attend the section 341 first meeting of creditors. Once again, the Archers failed to tender the initial plan payment at the section 341 first meeting of creditors. On May 20, 2024, the Trustee filed another motion to dismiss for that violation, but the Trustee has since withdrawn that motion. Co-Debtor Lisa Ann Collet Archer failed to attend the section 341 first meeting of creditors. (*See* Trustee's Motion to Dismiss.)

16. Neither Glass America nor the Utah state appellate court had any idea that the Archers had commenced this Chapter 13 bankruptcy case (or any of the prior cases) until Glass America was notified by another party.

## ARGUMENT

The Supreme Court has held that "[t]here is no constitutional right to obtain a discharge of one's debts in bankruptcy." *United States v. Kras*, 409 U.S. 434, 446 (1973). This is because "[b]ankruptcy relief is a mere privilege." *In re Arenas*, 535 B.R. 845, 853 (10th Cir. BAP 2015). (citing *In re Michael*, 285 B.R. 553, 556 (Bankr. S.D. Ga. 2002). So, when a debtor (or debtors as the case may have it) acts in ways that violate the rehabilitative purposes of the Bankruptcy Code, a dismissal is warranted. *In re Krueger*, 812 F.3d 365, 370, 374 (5th Cir. 2016) (stating that a petition may be dismissed for cause under § 707(a) for "any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy process").

Section 707(a) of the Bankruptcy Code provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—(1) unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 707(a). And "[a] debtor's conduct may demonstrate a lack of good faith that amounts to such a cause." *Arenas*, 535 B.R. at 847. Indeed, the 10th Circuit has identified potential causes for dismissal:

> Dismissal factors that are often considered are: the best interests of both debtor and creditors; trustee's consent or objection; potential to delay creditor payments; good or bad faith in seeking dismissal; and

7

the possibility of payment priority becoming reordered outside of bankruptcy.

*Id.* at 853 (citations omitted). Thus, prepetition bad acts, repeat filings, and misuse of a petition in a manner inconsistent with the rehabilitative purposes of the Bankruptcy Code are all actions that can warrant a dismissal of a case. *Krueger*, 812 F.3d at 370, 374 (noting that the debtor in that case "filed bankruptcy for illegitimate purposes, misled the court and other parties, and engaged in bare-knuckle litigation practices, including lying under oath and threatening witnesses"); *In re Piazza*, 719 F.3d 1253, 1271-72 (11th Cir. 2013) (bad faith may be found where there is evidence of a "debtor's deliberate acts or omissions that constitute a misuse or abuse of the provisions, purpose or spirit of the Bankruptcy Code").

This, the Archers' Fifth Case, was filed in bad faith. The Archers have filed five petitions in less than two years. And this Fifth Case suffers from most of the same defects as the prior four as noted by the Trustee's recent withdrawn motion to dismiss. As before, the Archers have failed to tender their initial plan payment. And their filings have omitted creditors and failed to provide notice to interested parties. At least one of these petitions, the Third Case, was filed to frustrate the legal process to collect on the Archers' debts. These failings, taken collectively, show that the Archers are not merely unsophisticated or hapless, but rather that they have discovered that they can manipulate the bankruptcy system to frustrate their creditors, increase the costs of collection for all parties, and muddy the waters of ongoing litigations. The persistence and brazen nature of their acts demonstrates that they are abusing the Bankruptcy Code in bad faith for their own gain. This is cause for this Court to dismiss this case and impose a 180-day bar against refiling.

Section 1326(a)(1) of the Bankruptcy Code provides that a "debtor shall commence making payments not later than 30 days after the date of the filing of the plan." In all five of the Archers' Chapter 13 cases, they have failed to make their initial plan payment. They have also repeatedly

missed the required section 341 first meeting of creditors. And they have consistently failed to file all the information required by the Bankruptcy Code. They deliberately fail to notify litigation counterparties and creditors, like Glass America, creating a legal "no-man's land" that frustrates and causes uncertainty in the ongoing litigations. The Archers have repeated filed and obtained the benefits of bankruptcy protection but have consistently failed to comply with the burdens of fair disclosure, notice, attendance at section 341 first meetings of creditors, and plan payments, which are indicia of their intent to potentially repay some of their indebtedness. The Archers are playing games with the Bankruptcy Code, the Court, and their creditors, picking and choosing which creditors deserve to have a say, which get to have notice, and which get to be treated in their Chapter 13 plan.

This Court has patiently explained the recurrent problems with the Archers' filings time and time again. And yet they continue to disregard the Court's instructions. At some point, the consistent failures have ceased to be mere mistakes and have become deliberate indifference to the orders of the Court and requirements of federal law.

These actions were undertaken to frustrate creditors and adverse parties, which is "a misuse or abuse of the provisions, purpose or spirit of the Bankruptcy Code." *Piazza*, 719 F.3d at 1271-72. They were taken in bad faith. *Id.* And such bad faith is sufficient cause under § 707(a) to warrant a dismissal, with prejudice. *Arenas*, 535 B.R. at 847.

Thus, Glass America respectfully moves the Court to dismiss this Chapter 13 Case and impose a 180-day bar against refiling. This will prevent the Archers from abusing the system again and allow Glass America's appeal to go forward unimpeded.

4879-2472-9031

## **CONCLUSION**

For the reasons stated above, the Court should dismiss this Chapter 13 case with prejudice and impose a 180-day bar against refiling.

DATED this 4th day of June, 2024.

PARSONS BEHLE & LATIMER

*/s/ Brian M. Rothschild*
Brian M. Rothschild
Alex N. Vandiver

*Attorneys for Plaintiff Glass America Midwest LLC*
